## HAROLD G. POND, TRUSTEE v. TED G. KYRAZIS

SUPERIOR COURT      NEW LONDON COUNTY      FILE NO. 18207

Memorandum filed November 15, 1948.

*Foster K. Sistare,* of New London, for the Plaintiff.

*Leon J. Bascom,* of New London, for the Defendant.

DALY, J. On March 15, 1944, the plaintiff Harold G. Pond and Charles H. Pond, as trustees under the will of Sebastian D. Lawrence, by written instrument leased to the defendant Ted G. Kyrazis for the term of ten years certain premises on Bank Street in the city of New London. Charles H. Pond is now deceased and the plaintiff Harold G. Pond is the sole trustee. The premises leased were described in the written lease as follows:

"The building at 74-78 Bank Street, New London, Connecticut known as the Exchange Building, and the yard directly back of said building and extending northerly to the southerly side of the driveway as extended to the premises of the N. Y., N. H. & H. Railroad Company; together with the right-of-way over said

driveway from Bank Street; said building to be used for restaurant purposes and incidental uses connected therewith."

The plaintiff claims that the defendant, in conducting a public parking business in that portion of the leased premises described in the written lease as "the yard directly back of said building and extending northerly to the southerly side of the driveway as extended to the premises of the N. Y., N. H. & H. Railroad Company," is using the same for a purpose not permitted under the lease.

The use of the building is limited to restaurant purposes and incidental uses connected therewith because it is stated in the written lease: ". . . said building to be used for restaurant purposes and incidental uses connected therewith." As to any limited purpose for which the yard might be used, none was stated in the lease. Its use is not limited as is that of the building.

The plaintiff seeks (1) an injunction restraining the defendant, his servants, agents, employees and subtenants from using the yard in the rear of the Exchange Building and the adjoining driveway facilities for the public parking of automobiles; (2) a temporary injunction; (3) $3500 damages; and (4) a declaratory judgment determining whether under the terms of the lease, the defendant, without the plaintiff's consent, has the right and privilege of using the yard in the rear of the Exchange Building and the adjoining driveway facilities for the public parking of automobiles.

The issues are found for the defendant. The plaintiff is not entitled to an injunction and is not entitled to money damages. It is adjudged that under the terms of the lease, the defendant, without the plaintiff's consent, has the right and privilege of using the yard in the rear of the Exchange Building and the adjoining driveway facilities for the public parking of automobiles. The defendant shall recover his costs from the plaintiff.